UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMIR ELALOUL, | : | Case No. 1:07cv0215 |
| | : | |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| MARK HANSEN, District Director, USCIS, et al., | : | ORDER |
| | : | |
| Defendants. | : | |

This action arises on Plaintiff Samir Elaloul's Petition for a Hearing on Naturalization Application (Doc. 1), in which he sues the following defendants in their official capacity: Mark Hansen, the District Director of the Cleveland District Office of the U.S. Citizenship and Immigration Service ("USCIS"); Alberto Gonzales, Attorney General of the United States; Emilio T. Gonzalez, the Director of the USCIS; Michael Chertoff, Secretary of the U.S. Department of Homeland Security ("DHS"); and Robert S. Mueller III, Director of the Federal Bureau of Investigation ("FBI") (collectively, "Defendants"). In his petition, Plaintiff asks the Court to adjudicate his pending application for naturalization, or, in the alternative, to order Defendants to adjudicate his application within sixty days. In addition, Plaintiff asks the Court to declare Defendants' delay in carrying out their various duties a violation of the Administrative Procedure Act ("APA").

Defendants have filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Doc. 8), arguing that judicial review of a naturalization application by a federal district court is only authorized when 120 days have passed since the "examination" of the applicant, and that the "examination" is not complete in this case because the FBI background check, specifically a name check, has not been completed.[1] *See* 8 U.S.C. § 1447(b). Defendants ask the Court to either dismiss the action or remand it to the USCIS to await completion of the FBI name check. For the reasons articulated below, the Court **DENIES in part** and **GRANTS in part** Defendants' motion and **REMANDS** this case to the USCIS to await completion of the FBI background check.

## I.   BACKGROUND

The operative facts of this case are simple. Plaintiff filed his application for naturalization on February 13, 2006. On May 26, 2006, Plaintiff appeared at the Cleveland USCIS Office for his interview on his application and was informed that a decision could not be made because a background check had not been completed. His petition has remained pending since that time.

## II.   DISCUSSION

Pursuant to 8 U.S.C. § 1447(b), an applicant can seek judicial review of his application for naturalization in federal district court "if there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted . . ." The "examination" referred to in that statute is described in § 1446(b) and can

---

[1] Effective beginning in the fiscal year 1998, Congress requires a "full criminal background check" from the FBI before complete adjudication of an application for naturalization. *See* Pub. L. 105-119, Tit. I, Nov. 26, 1997, 111 Stat. 2440, 2448-49. According to Defendants, this background check includes a name check in which the applicant's name is run against FBI investigative databases containing information that would not be revealed by a fingerprint check.

involve, but does not necessarily involve, the taking of testimony and the issuance of subpoenas to compel testimony or documents. 8 U.S.C. § 1446(b). "The employee designated to conduct any such examination shall make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d). The agency's relevant regulation, entitled "Examination of applicant," requires that the agency notify an applicant to appear before an officer for an "initial examination on the naturalization application <u>only after</u> the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b) (emphasis added).

Based on the statutes and regulation cited above, some courts have held that the "examination" is not a one-time interview, but is a process that is not complete until the FBI background check, among other things, is complete. *See, e.g., Damra v. Chertoff*, 2006 WL 1786246, at *2 (N.D. Ohio June 23, 2006); *Danilov v. Aguirre*, 370 F.Supp.2d 441, 443-44 (E.D. Va. 2005). The *Danilov* court, for example, reasoned that the "examination" must be a process, rather than just an interview, because it can involve the taking of testimony and subpoenas for documents. *Id.* Under that construction, the 120-day period does not begin to run until the background check is complete, even if the interview has already been conducted, and a court lacks subject matter jurisdiction to review the application until that time. *Id.* at 444-45.

Other courts have concluded that the "examination" described in § 1447(b) is the interview or initial examination conducted by an agency officer and that, once that interview occurs, the 120-day period begins to run. *See, e.g. El-Daour v. Chertoff*, 417 F.Supp.2d 679, 683 (W.D. Pa. 2005); *Essa v. USCIS*, 2005 WL 3440827, at * 2 (D. Minn. Dec. 14, 2005). The *El-Daour* court, for example, specifically disagreed with the *Danilov* court's reasoning, placing significance on the fact

that § 1447(b) is written in terms of "the <u>date</u> on which the examination is <u>conducted</u>." *Id.* (emphasis in original) (citing 8 U.S.C. § 1447(b)). The *El-Daour* court also found that a thorough reading of 8 C.F.R. § 335.2 reveals that the regulation "can only be understood as equating 'examination' with the 'interview' conducted by the Service officer." *Id.* The court also explained that, because the regulations require the initial examination to occur <u>only after</u> the FBI background check is complete, the agency simply failed to follow its own procedure, but that failure does not deprive the court of jurisdiction. *Id.* A recent district court case indicated that the majority of courts addressing this precise issue have interpreted the statute according to the *El-Daour* court's reading of it. *See Negam v. U.S.*, 2007 WL 891257, at *3-4 (N.D. Tex. Mar. 23, 2007) ("However, as defendants acknowledge, a majority of the district courts dealing with this issue have concluded that the term 'examination' in the statute refers to the interview, not the investigative process.") (collecting cases).

In evaluating the plain language of the applicable laws, the Court finds that the *El-Daour* court's reading of the statute is the correct one - i.e., that the 120 days begins to run when the interview or initial examination occurs, regardless of whether the background check was complete at that time - and that subject matter jurisdiction exists in this case. The Court, therefore, finds that subject matter jurisdiction exists in this case.[2]

The practical effect of that conclusion, however, is minimal. If the Service had followed its regulations and waited to conduct the interview until the background check was complete, regardless of how much time the background check required, the length of time needed to render a decision on

---

[2] Because the Court finds that subject matter jurisdiction exists, it declines to address Plaintiff's alternative claims under the APA and Mandamus Statute, which Plaintiff asserts "is only relevant if this Court concludes that it lacks jurisdiction under 8 U.S.C. § 1447(b)." (Pl. Br., Doc. 9 at 7.)

the application would have been the same. The only difference is that the perceived delay would have come before the interview rather than after it. In addition, the statute specifically provides that a court with jurisdiction can remand the matter to USCIS for a determination. 8 U.S.C. § 1447(b) (providing that a court with jurisdiction over the matter "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.") It appears that the lack of a completed background check normally would prevent a court from being in a position to properly adjudicate an application, and that the standard practice of most courts is to remand the matter in any event. *See El-Daour*, 417 F.Supp.2d at 683 (finding that the complete background check is a "vital piece of information," that "a court is not equipped to conduct such an investigation," and, therefore, that the court lacks the resources to adjudicate the application); *Sweilem v. USCIS*, 2005 WL 1123582, at *4-5 (N.D. Ohio May 10, 2005) (remanding application where name check had yet to be performed); *Essa v. USCIS*, 2005 WL 3440827, at * 2 (D. Minn. Dec. 14, 2005) (finding that it had jurisdiction but remanding because the background check was not completed). The end result, therefore, is the same, and the application is put on hold until the background check is complete. In this case, the Court agrees that this is the most appropriate course

of action and remands the matter to the USCIS.[3]

III.   CONCLUSION

Defendants' motion, therefore, is **DENIED in part** and **GRANTED in part**. It is denied as to Defendants' request to dismiss the case for lack of subject matter jurisdiction, but it is granted with respect to Defendants' alternative request to remand the matter. Accordingly, this case is **REMANDED** to the USCIS for prompt resolution of Plaintiff's application once the FBI background check is completed.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 1, 2007**

---

[3] The Court declines to impose a precise deadline by which the background check must be completed. Although the Court is cognizant of the plight of Plaintiff and other similarly situated applicants who are awaiting resolution of their applications, it is hesitant to impose any strict deadline, especially given the sensitivities and sheer volume of name checks that the FBI must complete  Indeed, Defendants attached to their motion a declaration of Michael Cannon, Section Chief of the National Name Check Program at FBI Headquarters, who stated that the FBI processed a total of 3.4 million name checks for a variety of governmental agencies for the fiscal year 2006. In addition, the one case cited by Plaintiff in which a district court imposed a strict deadline to complete the name check, *Mahd v. Chertoff*, 2007 WL 891867 (D. Colo. 2007), the district court's decision issued over twenty-seven months after the applicant's examination and specifically referenced the "considerable time" that passed since the examination. Although the Court does not minimize the length of time that Plaintiff's application has remained pending (eleven months since his examination), it notes that it is a significantly less amount of time than the plaintiff in *Mahd*. For those reasons, the Court does not place a specific time frame by which Plaintiff's name check must be complete, though it directs USCIS promptly to reach a decision once the check is complete.